NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT BRUCE LEMONT, | No. C 08-02970 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| ROBERT A. HOREL, et al., | |
| Defendants. | |

## DISCUSSION

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

Plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 seeking relief for allegedly unconstitutional deprivation of property by PBSP officials. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

1  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may
2  be granted or seek monetary relief from a defendant who is immune from such relief.  See id.
3  § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.
4  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C.
5  § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the
6  Constitution or laws of the United States was violated, and (2) that the alleged violation was
7  committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42,
8  48 (1988).

B.  Legal Claims

Plaintiff claims that PBSP officials confiscated and destroyed property, including books, photographs, transcripts, and other property which did not contain the "addresses and social security numbers pertaining to victims" which was the basis for the confiscation. (Compl. at 3.)  Plaintiff seeks either the replacement of the property or compensation for the loss.

A negligent or intentional deprivation of a state or county inmate's property fails to state a due process claim under § 1983 if state law provides an adequate post-deprivation remedy.  See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process.  See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy.  See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Plaintiff's

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.08\Lemont2970_dism.wpd

allegations accordingly fail to state a claim cognizable under § 1983. See id. at 817.[1]

### CONCLUSION

For the foregoing reasons, the complaint is DISMISSED without prejudice to seeking relief in the state courts. The Clerk shall close the file and terminate all pending motions as moot.

IT IS SO ORDERED.

DATED: 10/27/08

JEREMY FOGEL
United States District Judge

---

[1] An inmate is not protected by the Fourth Amendment against the seizure, destruction or conversion of his property. See Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989).

Order of Dismissal
P:\PRO-SE\SJ.JF\CR.08\Lemont2970_dism.wpd